Carl STORTZ, Appellant,

v.

John SIEBENALER, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1973.

Frank A. Wichmann, Covington, for appellant.

William P. McEvoy, Burlington, for appellee.

STEINFELD, Justice.

Appellant Carl Stortz brought a class action against appellee John Siebenaler to prohibit him, as the owner of two subdivision lots, from using that land for commercial purposes. From a judgment denying relief, Stortz appeals. We affirm.

The Coludoth Heights Subdivision in the City of Florence, Boone County, Kentucky, was platted in 1956 by Wallace Lucas. The developer conveyed lots 73 and 74 to Roy Thompson and wife in 1958, and they conveyed those lots to Robert Eades in 1961. Those conveyances were subject to a recorded deed restriction that said lots " * * * shall be used for residential purposes only * * *."

In 1970 Eades sued Kenneth Anderson individualy and as a representative of all residents and owners of land in Coludoth Heights, seeking a declaration that the restrictions above quoted were unenforceable. The circuit court authorized Anderson to defend for the class. After trial a judgment was entered declaring the restrictions no longer in force because of substantial changes in the area after the restrictions were imposed. It authorized the use of the land for commercial purposes.

Stortz argues that the Eades v. Anderson judgment is not binding on him " * * * because there is nothing in the record in said action to indicate that the pre-requisite to a class action required by Rule 23.01 and the additional conditions required by Rule 23.02 were pled, proven or determined to exist (and that) * * * the judgment in said action did not include and describe those whom the court found to be members of the class as required by Rule 23.03."

There is no pleading to support that charge or a judgment based on that contention. However, even if the validity of the Eades v. Anderson judgment was in issue, its alleged invalidity can be of no help to Stortz. His suit was tried with the introduction of evidence as if there had been no prior judgment. The trial court found

that the change of conditions in the previously restricted area was " * * * so great as clearly to neutralize the benefits of the restriction to such an extent as to defeat the purpose of the covenant." Franklin v. Moats, Ky., 273 S.W.2d 812 (1954).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.